UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEPHEN T.[1],

                          Plaintiff,

      v.                                                                     Case # 19-CV-6776-FPG
                                                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

## INTRODUCTION

Plaintiff Stephen T. brings this action pursuant to Title II of the Social Security Act seeking review of the denial of his application for Disability Insurance Benefits.

Plaintiff applied for benefits on January 8, 2016, alleging disability due to, as relevant here, problems with his right shoulder, neck, lumbar spine. Tr.[2] 180, 183, 206. After the Social Security Administration ("SSA") denied his application, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). Tr. 100. On September 26, 2018, the ALJ issued an unfavorable decision. Tr. 13. After the Appeals Council denied Plaintiff's request for review, the SSA's decision became final and Plaintiff appealed to this Court. ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 11. For the following reasons, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and this matter is DISMISSED WITH PREJUDICE.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security opinions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only the first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 6.

## LEGAL STANDARD

### I. District Court Review

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citations omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Standard

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of the claimant's age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Lesterhuis v. Colvin*, 805 F.3d 83, 85 n.2 (2d Cir. 2015); *see also* 20 C.F.R. §§ 404.1520, 416.920.

**DISCUSSION**

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period between his alleged onset date and his date last insured. Tr. 18. At step two, the ALJ assessed Plaintiff with the following severe impairments: degenerative disc disease of the spine, status post two surgeries; right shoulder impairment; and asthma. Tr. 18. At step three, the ALJ found that none of Plaintiff's impairments met or medically equaled the criteria of any Listings impairment. Tr. 29. The ALJ then determined that Plaintiff retained the RFC to perform sedentary work, except that Plaintiff could never climb ladders, ropes, or scaffolds; could only occasionally stoop, kneel, couch, crawl, or climb ramps/stairs; could only occasionally reach, handle, and finger with his non-dominant right upper extremity; could only occasionally look up and down and turn his head to the left and right; and needed to avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants. Tr. 19. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 22. At step five, the ALJ found that Plaintiff could adjust to other work that exists in significant numbers in the national economy. Tr. 23. Accordingly, the ALJ found that Plaintiff was not disabled. Tr. 24.

**II.    Analysis**

Plaintiff argues that the ALJ erroneously evaluated the record evidence. He also contends that by not finding him to be disabled, the ALJ erroneously evaluated Plaintiff's credibility and improperly discounted his subjective complaints of pain. The Court disagrees.

Plaintiff first argues that the ALJ erred in finding that he was not disabled because the record is full of objective evidence supporting his complaints of debilitating neck and right arm pain, including evidence of several surgeries, positive exam findings, abnormal MRI results, and treating

3

physician opinions of disability for workers' compensation purposes.  Plaintiff argues that the ALJ cherry picked or ignored much of this evidence.

Although Plaintiff frames this argument as a challenge to the ALJ's application of the legal standards, it is essentially an invitation to reweigh the evidence.  And while Plaintiff is correct that there is a variety of evidence substantiating his impairments and the limitations they caused, the Court finds that the ALJ properly considered this evidence and weighed it against other evidence supporting the ALJ's RFC.

 For example, the ALJ acknowledged that Plaintiff consistently complained of neck pain since about 2014, and that an MRI revealed mild degenerative findings and a small disc herniation.  Tr. 20. He recognized that Plaintiff did not experience much improvement from physical therapy and ultimately underwent multiple surgeries.  Tr. 21.  The ALJ acknowledged that treatment notes reported tenderness and reduced range of motion in Plaintiff's neck and right shoulder.  Tr. 21.

However, the ALJ also noted that Plaintiff had retained normal (5 out of 5) muscle strength, intact dexterity, and normal neurological functioning.  Tr. 21, 262, 340, 511, 649, 653-64, 667, 746-51, 761, 701. The ALJ pointed out that a consultative examination from 2016 likewise was normal and included findings of normal strength in Plaintiff's arms and normal grip strength.  Tr. 21, 649. And while Plaintiff complained of radiculopathy-like symptoms, his doctors concluded that EMG studies had ruled out radiculopathy.  Tr. 21, 269, 693, 701.

Throughout his brief, Plaintiff cites record evidence that he believes supports a more restrictive RFC than the ALJ settled upon.  But the Court is not concerned with whether substantial evidence supports Plaintiff's position; rather, the Court must decide whether substantial evidence supports the ALJ's decision.  *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order). "While Plaintiff may disagree with the ALJ's conclusions, the Court must 'defer to the Commissioner's resolution of conflicting evidence' and reject the ALJ's findings 'only if a

4

reasonable factfinder would have to conclude otherwise.'" *Mordean L. v. Comm'r of Soc. Sec.*, No. 19-CV-277-FPG, 2020 U.S. Dist. LEXIS 220601, at *15-16 (W.D.N.Y. Nov. 24, 2020) (citing *Morris v. Berryhill*, 721 F. App'x. 25, 29 (2d Cir. 2018) (summary order)). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Id.* (quoting *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (internal quotation marks omitted)). Here, the Court finds that "[s]ubstantial evidence supports the ALJ's RFC and Plaintiff failed to meet his burden to prove medical impairments with limitations greater than found by the ALJ." *Cur v. Comm'r of Soc. Sec.*, No. 19-cv-01039, 2020 U.S. Dist. LEXIS 206179, at *18-19 (W.D.N.Y. Nov. 4, 2020).

Plaintiff also argues that by not finding him to be disabled, the ALJ erroneously evaluated Plaintiff's credibility and improperly discounted his subjective complaints of pain.

"The ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *Jackson v. Astrue*, No. 1:05-CV-01061 (NPM), 2009 WL 3764221, at *7 (N.D.N.Y. Nov. 10, 2009) (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)). "[T]he court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain" if the finding is supported by substantial evidence. *Jackson*, 2009 WL 3764221, at *7 (quotation marks and citation omitted). When a claimant alleges symptoms of a greater severity of impairment than can be shown by the objective medical evidence alone, the ALJ must consider several other factors when making a credibility assessment, including the claimant's daily activities. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c). "It is the function of the Commissioner, not the reviewing court, to 'resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant.'" *Jackson*, 2009 WL 3764221, at *7 (quoting *Caroll v. Sec'y of Health & Human Serv.*, 705 F.2d 638, 642 (2d Cir. 1983)).

The Court finds that the ALJ properly analyzed Plaintiff's complaints of pain here. The ALJ did not ignore or discredit, but in fact acknowledged, Plaintiff's complaints of "progressively worsening cervical pain, occasionally radiating down his arms, in approximately late 2013 and early 2014." Tr. 20. The ALJ noted that these worsening symptoms eventually required surgery in August 2015 and revision surgery in December 2016. Tr. 21. And the ALJ recognized that treatment notes showed that Plaintiff had tenderness and reduced range of motion in his neck and right shoulder. Tr. 21.

However, objective findings cannot necessarily quantify the degree of pain an individual experiences. To help him analyze the limiting effects of Plaintiff's pain, the ALJ considered Plaintiff's activities of daily living. *See Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (an ALJ may reject Plaintiff's subjective allegations in light of inconsistent evidence of daily functional ability). Plaintiff had described doing some household chores and using a riding lawn mower, despite his pain and physical limitations. Tr. 21, 74-76. In addition, the ALJ pointed out that Plaintiff had testified that he could help around the house as long as he did not lift more than ten pounds. Tr. 21, 74-75. In 2015, Plaintiff told his doctor he was seeking a job at the Sheriff's Department and reported that he had been working out to get ready for the entrance physical. Tr. 597. While there is no evidence that Plaintiff got the job, Plaintiff's ability to prepare for the entrance physical reasonably weighed against his subjective complaints. Additionally, in an activity report from 2016, Plaintiff indicated that he spent his days caring for his three year-old daughter. Tr. 21, 214.

To be sure, Plaintiff's activities of daily living were limited and did not necessarily reflect an ability to perform any type of work on a daily basis. But the ALJ did not find that Plaintiff was capable of any type of work. Instead, the ALJ recognized Plaintiff's severe impairments and found that he could only perform a reduced range of sedentary work with specific postural and exertional restrictions to address Plaintiff's limitations with his neck and shoulder. Notably, at his hearing,

6

Plaintiff's counsel asked Plaintiff to describe in his own words what would prevent him from working full time even at a sit-down job. Tr. 80. Plaintiff answered that it would be the pain and limited range of motion in his neck and right shoulder, as well as his headaches. Tr. 80. The ALJ's RFC accommodated most of these limitations by restricting Plaintiff to a sedentary job with only occasional reaching, handling, and fingering with his *non-dominant* right arm and only occasional looking up and down and turning the head to the left and right. Tr. 19. And while the ALJ did not specifically account for Plaintiff's headaches, Plaintiff testified that they only caused him to lie down about once per week, Tr. 79, and the ALJ explained that the record documented few complaints of headaches, no neurological work-up, documented treatment regimen, or other evidence that the headaches were a severe impairment. Tr. 18.

Accordingly, the Court finds that the ALJ appropriately evaluated the evidence, assessed Plaintiff's credibility, and developed an RFC that was supported by substantial evidence. Remand is therefore not required.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 9, is DENIED, the Commissioner's motion, ECF No. 11, is GRANTED, and this matter is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 3, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court